Adolfo C. **SGAMBELLURI** and Dorothea G. Sgambelluri, Appellants,

v.

Theodore S. **NELSON**, Appellee.

No. 72–2670.

United States Court of Appeals,
Ninth Circuit.

June 13, 1973.

Rehearing Denied Aug. 6, 1973.

Howard G. Trapp, of Trapp, Gayle & Company, Agana, Guam, for appellants.

John C. Dierking, Agana, Guam, for appellee.

Before HUFSTEDLER, WRIGHT and TRASK, Circuit Judges.

OPINION

PER CURIAM:

The pivotal issues in this case are the construction and legal effect of the document dated February 28, 1964, by which Adolfo C. Sgambelluri ("Adolfo") "released and quit-claimed" to Ralph C. Sgambelluri ("Ralph") "All of my interest, both real and personal, in the Estate of Marcelo Sgambelluri, deceased, TO HAVE AND TO HOLD the premises herein granted unto [Ralph] . . . and [his] assigns. forever."

If the instrument were construed as either a grant or a quitclaim deed to real property, it would be void for uncertainty because it fails to describe any particular parcel of real property to which it could be applied. (E. g., Mesick v. Sunderland (1856) 6 Cal. 297; Edwards v. City of Santa Paula (1956) 138 Cal.App.2d 375, 292 P.2d 31.) However, the instrument is not a deed. It is an assignment of a future interest in the nature of an assignment of an expectancy, similar to the assignment of a bequest by a legatee under a will. At the time Adolfo executed the instrument, he anticipated that he might be an heir of his father's estate. He was wrong be-

cause, as it turned out, his mother received all of the property under the laws of intestate succession. An heir's assignment of his expectancy is void at common law, but the assignment is enforceable in equity when the expectancy develops into a right. (*E. g.*, Grimm v. Grimm (1945) 26 Cal.2d 173, 157 P.2d 841; *see* 121 A.L.R. 450; 4 Am.Jur., Assignments § 51, p. 270.) Adolfo's assignment to Ralph is not enforceable, because the expectancy never matured into a right, since Adolfo inherited nothing from his father's estate. When Adolfo acquired the real property in question by a deed of gift from his mother, he took the property free from the assignment. His title did not derive from his father's estate; it came from his mother as her sole and separate property.

Reversed.