[Civ. No. 48616. Second Dist., Div. Three. July 29, 1977.]

In re the Marriage of EVELYN LOUISE and CHARLES BERNARD SIMMONS.
EVELYN LOUISE SIMMONS, Appellant, v.
CHARLES BERNARD SIMMONS, Respondent.

**COUNSEL**

Thomas A. Diamond for Appellant.

No appearance for Respondent.

Evelle J. Younger, Attorney General, N. Eugene Hill, Assistant Attorney General, Edmund E. White and Janet G. Sherwood, Deputy Attorneys General, John K. Van de Kamp, District Attorney, Harry B. Sondheim and Sterling S. Suga, Deputy District Attorneys, as Amici Curiae.

## OPINION

**COBEY, J.—** ■■■ The sole question posed by this appeal is whether a court, making an order pursuant to Civil Code section 4702, subdivision (a) requiring payment of child support to a parent receiving aid to families with dependent children (AFDC) for the support of a minor child, possesses the power to order that part òf each court-ordered payment be made to the trustee of an irrevocable trust for the future education of the child.[1] This question will be answered in terms of the law currently applicable because to do otherwise would be an exercise in judicial futility.[2] Our answer will be in the negative for reasons that follow.

## DISCUSSION

In pertinent part the just-mentioned section 4702, subdivision (a), reads: "[I]n any proceeding where a court makes . . . an order requiring payment of child support to a parent receiving welfare moneys for the maintenance of minor children, the court *shall* direct that payments of support be made to the . . . officer of the court . . . designated by the court for such purpose . . . ." (Italics added.) An AFDC grant constitutes welfare monies within the meaning of this subdivision. (See Welf. & Inst. Code, § 10052.)[3]

[1]More specifically, in this case the mother, who, at the time of the judgment below in August 1975, was receiving $212 a month AFDC for the support of herself and her only child Seaen, then only three years of age, asked that the court trustee be directed to divert $60 of the $75 monthly child support paid by the father to her through that trustee to the educational trust instead of paying the entire $75 to the Los Angeles County Department of Public Social Services. The AFDC constituted the only support of the mother and child.

[2]The judgment partially under appeal is dated August 25, 1975. Chapter 924 of the 1975 Statutes, effective September 20, 1975 (pp. 2030, 2041), contains most of the state law applicable to this case.

[3]Hereafter all undesignated section references are to the Welfare and Institutions Code.

AFDC is administered in this state under a federally approved state plan which must contain, among other elements, a child support program. (See 42 U.S.C. §§ 601, 602(a)(27), 654.)[4] ■ Thus the partially quoted Civil Code subdivision is merely a part of a federal-state statutory procedure designed to insure that absent fathers whose children are being supported by AFDC reimburse the taxpayers for such support to the extent of their ability to do so. ■ Each recipient of AFDC, as a condition of eligibility for such aid, is required to assign to the state (in this state to the county)[5] all her accrued rights to the support of any minor child on AFDC that is owed that child by the absent father (42 U.S.C. § 602(a)(26)(A)), and in this state receipt of AFDC operates as an assignment of such accrued parental support rights by operation of law. (§ 11477, subd. (a).) Furthermore, these assigned support rights constitute an obligation owed to the state by the absent father and the amount of such obligation is the amount specified in the court order covering such rights. (42 U.S.C. § 656(a)(1)(A).) In this state this obligation runs to the county and is in an amount equal to the court-ordered payments. (§ 11350, subd. (a).) Child support payments collected from an absent father for the support of a minor child on AFDC may not be paid directly to the mother (42 U.S.C. § 654(5)), and in this state such payments, when collected by or paid through a public officer or agency, must be transmitted to the county department providing AFDC. (§ 11457.)

From the foregoing it can be seen that under the applicable federal and state statutes Seaen's mother has assigned to the Los Angeles County all of her accrued rights to the support of Seaen by his father and that all of the court-ordered payments he makes in discharge of his obligation to the county have to be sent to its department of public social services. Under these circumstances she has nothing left to assign with respect to these payments,[6] and the court ordering them likewise is without power

---

[4]All federal-state welfare programs are administered in this state pursuant to federal as well as to state law. (See §§ 10000, 10600, 10604, subd. (b).)

The State Department of Benefit Payments is the administrator of the state child support program (§ 11475). Each county district attorney has the responsibility for prompt and effective enforcement of the obligation of parents to support their children (§ 11475.1).

Both the department and the District Attorney of Los Angeles County have filed amicus curiae briefs in this case. The respondent father has not filed a brief.

[5]A California county is a legal subdivision of the state. (Gov. Code, § 23002.)

[6]An attempt by her to assign Seaen's rights to future support by his father would be unavailing because Seaen's rights in this respect, when accrued, already pass each month to the county upon the receipt of AFDC by the mother. Compare *In re Marriage of Shore* (1977) 71 Cal.App.3d 290 [139 Cal.Rptr. 349], in which another division of this

to divert any part of them from the county department of public social services.

 There is nothing unconstitutional in requiring this special disposition of child support payments in AFDC and other welfare cases. The classification is a reasonable one and one made for a rational purpose. (Cf. *Dandridge* v. *Williams* (1970) 397 U.S. 471, 485-486 [25 L.Ed.2d 491, 501-502, 90 S.Ct. 1153].) On the other hand, the rejected disposition might well constitute an unconstitutional gift of public funds. (See Cal. Const., art. XVI, § 6.)

DISPOSITION

The judgment under appeal is affirmed.

Allport, Acting P. J., and Potter, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 28, 1977.

---

statewide court held that the affected county obtains under the statutory scheme an irrevocable vested right to the collection of all support payments that have accrued while the custodial parent was receiving AFDC. (At pp. 294-295.)