ROBERT THOMAS REED, PLAINTIFF, v. PEGGY RUTH
REED, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted October 30, 1979—Decided November 7, 1979.

Before Judges MATTHEWS, ARD and POLOW.

*Mr. Larry M. Rauer,* attorney for appellant-intervenor, Camden County Welfare Board (*Messrs. Larry M. Rauer* and *Robert A. Durand* on the brief).

No other brief was filed in this matter.

BY THE COURT.

The judgment of the Chancery Division is affirmed for the reasons expressed by Judge Talbott in her opinion which is reported at 154 *N.J.Super.* 428.

Judge Talbott held that even assuming that the welfare board can bring an action to recover welfare benefits from the proceeds of the marital home, such an action should be brought separately as it in no way depends on either party filing a claim for divorce and equitable distribution. 154 *N.J.Super.* at 438, 381 *A.*2d 815. The welfare board concedes that such an action brought under *N.J.S.A.* 44:1–141 or *N.J.S.A.* 44:1–143 is not dependent upon a demand for equitable distribution. It argues instead that Judge Talbott's conclusion that the only way to bring the action is to file a separate suit is erroneous citing *Greenspan v. Slate*, 12 *N.J.* 426 (1953) where it was stated (at 443) that while normally suits for the recovery of necessities furnished a child will be brought in the Law Division, if it is part of a matrimonial action brought under *N.J.S.A.* 2A:34–24, the proceeding will be brought in the Chancery Division.

Reliance here on *Greenspan* is misplaced. *Greenspan* involved an action in *quasi*-contract instituted by a physician for recovery of his fee against the parents of a minor he had treated. The authority for recovery by the welfare board in this case is statutory. *N.J.S.A.* 44:1–141 and *N.J.S.A.* 44:1–143. Thus it is to the statute that one must look for the proper forum in which to bring the action. *N.J.S.A.* 44:1–143 specifically provides that a welfare board can apply to the Juvenile and Domestic Relations Court to compel support by either the husband or wife. It does not speak of intervention in another action. The board followed the proper procedure when it obtained an order from the Camden County Juvenile and Domestic Relations Court ordering Mr. Reed to pay support.

Affirmed.