WILFRIED A. KERNBACH, PLAINTIFF, v. EDITH G. KERNBACH, DEFENDANT.

Superior Court of New Jersey
Chancery Division Bergen County

Decided May 22, 1980.

Chapter shall be afforded an opportunity to submit facts to the Commission in writing within 20 days after receipt of notice of such ruling or determination for consideration in a review of the determination . . .."

Marvin H. Sunshine for plaintiff.

Richard S. Semel for defendant.

Robert S. McEwan, Jr., for Bergen County Welfare Board.

MINUSKIN, J. J. D. R. C., temporarily assigned.

█ Should a welfare board, as assignee of certain rights of support, be permitted to intervene in a matrimonial action for the purpose of enforcing litigant's rights?

A judgment of divorce between the parties was entered by this court in July 1969. Pursuant thereto, and in accordance with the terms of a property settlement agreement incorporated therein, plaintiff husband was required to pay defendant the sum of $250 a week as well as to pay the mortgage, taxes, utilities and maintenance on the marital home and further to provide for medical coverage for defendant and the children of the marriage.

Plaintiff failed to meet his support obligations, causing defendant to seek assistance for herself and the children from the Bergen County Welfare Board pursuant to the Aid to Families with Dependent Children program (hereinafter AFDC). Defendant began receiving assistance payments in March 1971, continuing through December 1979, totalling $32,654.

On October 25, 1975 defendant executed an assignment of any and all rights to support to the Bergen County Welfare Board pursuant to *N.J.A.C.* 10:81–1 *et seq.*; Appendix D, § 220, Assignment of Support Rights, Form PA–10G. This provision in the code, adopted by the State of New Jersey in 1975 from reciprocal federal regulations, provides in part;

> An AFDC–c applicant shall assign to the CWA all rights to support from children's absent parent(s), or any other person to which the eligible children, or the applicant, when he/she is included in the eligible unit, may be entitled. (See App. D. 220)
>
> [*N.J.A.C.* 10:81–1 Appendix D, § 201b]

Under the terms of the divorce judgment arrears have accrued which equal or exceed the sum of $24,000.

The board, in accordance with the code, sought to enforce its assigned rights by way of notice of motion in this court. Defendant opposed the board's application, contending that the board had failed to move to intervene as an initial step in this proceeding, as required by *R.* 4:33–2, and further, the intervention provision notwithstanding, no statutory authority existed to

permit any assistance agency to intervene in a matrimonial action. Defendant cited *Reed v. Reed*, 154 *N.J.Super.* 428, (Ch.Div.1977), aff'd 171 *N.J.Super.* 171 (App.Div.1979), in support of her position, alleging that the decision in *Reed* precludes the welfare board from intervening in any matrimonial action. Plaintiff joined defendant in opposition to the board's motion. After adjourning the matter, the board refiled its motion seeking leave to intervene.

The *Reed* case is distinguishable from the case at bar and is not dispositive of any issue concerning the collection of support arrearages. In *Reed* a welfare board sought to intervene in a matrimonial action to require an AFDC recipient to execute an Agreement to Repay on the basis that a demand for equitable distribution established a pendency of payment pursuant to *N.J.S.A.* 44:10–4(a). 154 *N.J.Super.* at 430. The court in *Reed* found that a mere demand for equitable distribution by one of the parties did not satisfy the pendency of payment requirement of the statute, providing for repayment pursuant to a validly executed agreement to repay. The Agreement to Repay, Form PA–10D, however, is not the same as and is to be distinguished from an Assignment of Support Rights, Form PA–10G, as in the present case.

The assignment provisions of the New Jersey Administrative Code, *N.J.A.C.* 10:81–1 *et seq.*, serve to supplement state recovery statutes which provide for a welfare agency to make application to the court. The assignment provides the board broad leeway to institute suit for the recovery of sums of assistance extended, the rights to which it has validly and in good faith been assigned. *Bergen Cty. Welfare Bd. v. Cueman*, 164 *N.J.Super.* 401 (J. & D.R.C.1978). This right of assignment permits the Bergen County Welfare Board to assert the rights of defendant for any claim that she may have against her husband for support and to reimburse itself for monies advanced to defendant wife. There is no reason why that right should not be cognizable in any court of competent jurisdiction in which the assignor had a right to make the claim. There is no statutory or case decisional law which prohibits the welfare board from

proceeding in such a manner. Certainly, if the welfare board saw fit to institute a separate action as assignee against plaintiff husband, this action would of necessity be filed in the Chancery Court, Matrimonial Division. See *R.* 4:75. In the event such a suit were instituted, that action would, upon motion duly made, be consolidated with this action since the issues involve the same parties and a determination of the same facts, namely, the ability of plaintiff to make payment to his wife for support. See *R.* 4:38–1.

For the reasons set forth above, the motion of the Bergen County Welfare Board to intervene in this matter is hereby granted.