178 N.J. Super. 523 (1981)
429 A.2d 609
ESSEX COUNTY DIVISION OF WELFARE, AS ASSIGNEE OF CELOUISE SOUTHERLAND, PLAINTIFF-APPELLANT,
v.
KEVIN JAMES SIMON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 30, 1981.
Decided April 21, 1981.
*524 Before Judges MICHELS, KOLE and ARD.
David H. Ben-Asher, Essex County Counsel, attorney for appellant (Gail E. McIntosh, Assistant Essex County Counsel, of counsel and on the brief).
Respondent did not file a brief.
The opinion of the court was delivered by MICHELS, P.J.A.D.
Plaintiff Essex County Division of Welfare (Division of Welfare) appeals from that portion of an order of the Essex County Juvenile and Domestic Relations Court which designated Celouise Southerland (Southerland) the beneficiary of current court-ordered support payments owed by defendant Kevin James Simon, the father of Southerland's illegitimate child. At issue is whether the trial court's order violates the provisions of the Aid to Families with Dependent Children (AFDC) program, specifically, 42 U.S.C.A. § 602(a)(26)(A), which provides:
(a) A State plan for aid and services to needy families with children must ...
........
(26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required 

*525 (A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed.
On November 9, 1976 Southerland gave birth to a daughter, Evelyn, who was born out of wedlock. Since the birth of the child, both Southerland and her daughter have received assistance grants from the Division of Welfare under the AFDC program. Initially, the grants were received in the name of the child's maternal grandmother, Mary Southerland, since Southerland was a minor at the time Evelyn was born. However, in February 1977 Southerland began to receive direct public assistance in her own name for herself and her infant child. On June 22, 1979 Southerland assigned whatever rights she and her daughter had to receive support payments from defendant to the Division of Welfare. The assignment was executed on a form (Form PA-10G) prepared by the Division of Public Welfare within the New Jersey Department of Institutions and Agencies (now the Department of Human Services). The assignment, which was signed by Southerland, reads as follows:
I, Celouise Southerland of 88 Eaton Pl. E. Orange, N.J. in consideration of receiving assistance for myself and/or other members of my family do hereby assign to the Essex County Welfare Board any right to support from any other person for myself or any other family member for whom I am applying for or receiving aid. I further agree that support rights which have accrued as of the time of this assignment may be used to reimburse the State for the amount of assistance received and to be received. The amount collected as child support shall be distributed in accord with Section 457 of Title IV of the Social Security Act. I have been informed by a representative of the County Welfare Board that, by making this assignment of support rights, I will receive on a regular basis the full amount of public assistance to which I may be entitled for myself and members of my family. I have made this assignment relying on such information.
The Division of Welfare, pursuant to the provisions of N.J.S.A. 9:17-2, instituted a bastardy proceeding against defendant. On September 26, 1979 defendant was adjudicated to be the father of Southerland's child and ordered to pay support payments of $35 a week to the Division of Welfare through the Essex County Probation Department. On May 29, 1980 defendant was ordered to appear before the trial court to answer *526 charges that he was $665 in arrears in his support obligations. Defendant failed to appear and a bench warrant was issued for his arrest. On June 6, 1980, following a hearing, the trial court continued its child support order for $35 a week. However, it ordered defendant to pay an additional $35 a week towards the child support arrearages. All payments were to be made by defendant to the Division of Welfare. Following the entry of that order, the trial court, by an order also dated June 6, 1980, amended its prior order and ordered a wage execution against defendant and designated Southerland as the beneficiary of the $35 a week support payments. The amended order, which the Division of Welfare challenges on this appeal, provides:
Order continued at $35.00 week thru probation for support of child, plus $35.00 week on arrears. Court orders wage execution. Beneficiary of support order is the plaintiff. Beneficiary of arrears is Essex County Welfare Board.
While this appeal was pending, defendant moved to reduce the amount of the support and was successful to the extent that the trial court reduced the amount of weekly payments to be made on account of arrearages from $35 to $15. The trial court continued the payment of the $35-a-week child support directly to Southerland rather than to the Division of Welfare.
The Division of Welfare contends that the portion of the order which designated Southerland the beneficiary of the current support payments violates the assignment provisions of 42 U.S.C.A. § 602(a)(26)(A). We agree and reverse.
The AFDC program is one of the aid and assistance programs established by the Social Security Act of 1935. 42 U.S.C.A. §§ 301-1396. AFDC assistance is directed towards the "dependent child," who is defined as an age-qualified "needy child" who has been deprived of parental support or care and who is living with any one of several listed relatives. Participation in the jointly-funded AFDC program is dependent on state conformity with the requirements of the Social Security Act (42 U.S.C.A. § 601 et seq.) and the regulations promulgated thereunder by the Department of Health and Human Services (formerly the Department of Health, Education and Welfare). 45 C.F.R. § 201 *527 et seq.; King v. Smith, 392 U.S. 309, 316-317, 88 S.Ct. 2128, 20 L.Ed.2d 1118, 1125 (1968); Essex Cty. Welfare Bd. v. Institutions and Agencies Dep't, 139 N.J. Super. 191, 196 (App.Div. 1976); Buchanan v. Essex Cty. Welfare Bd., 117 N.J. Super. 541, 545-546 (App.Div. 1971). New Jersey elected to participate in the AFDC program and in 1959 adopted its plan of Assistance for Dependent Children (ADC). N.J.S.A. 44:10-1 et seq. Concomitantly, the AFDC program is administered in New Jersey by the county welfare boards, N.J.S.A. 44:10-2, subject to the supervision of the Commissioner of Human Services, N.J.S.A. 44:10-3, who has adopted general policies, rules and regulations to carry out the purposes of the AFDC and ADC laws. N.J.A.C. 10:81-1 et seq. See Redding v. Burlington Cty. Welfare Bd., 65 N.J. 439, 442 (1974).
Southerland was able to participate directly in the AFDC program because her daughter Evelyn qualified as an "AFDC-C segment" applicant. The requirements for "C-segment" assistance are "based on financial need and deprivation of parental support and care because of incapacity, absence or death of one or both parents." N.J.A.C. 10:81-2.4(b). (Emphasis added). In order to qualify as a C-segment beneficiary, the custodial parent is generally required to execute an "Assignment of Support Rights," Form PA-10G, in favor of the county welfare board. N.J.A.C. 10:81-1 et seq.; Appendix D, § 220 at 81-205. This assignment form "assigns to the CWA [county welfare agency] rights to support from the absent parent of AFDC children and other legally responsible relatives to which the eligible unit may be entitled." Id. at § 221.1. "When the applicant has signed Form PA-10G and met all other eligibility requirements, a full grant [is] issued by the CWA to the AFDC eligible unit." Id. at § 221.4(a). As pointed out above, Southerland executed the assignment form on June 22, 1979 and received and continues to receive full AFDC benefits for herself and her child.
N.J.A.C. 10:81-3.36, which was implemented in June 1975, introduced the concept of the assignment of support rights in this State's administration of the AFDC program. Bergen Cty. *528 Welfare Bd. v. Cueman, 164 N.J. Super. 401, 405-406 n. 1 (J. & D.R.Ct. 1978). The regulation was promulgated by the then Commissioner of the Department of Institutions and Agencies (now Department of Human Services) in an effort to conform to the announced assignment requirement mandated by 42 U.S.C.A. § 602(a)(26)(A), which Congress enacted in 1974. See Moore v. Moore, 20 Wash. App. 909, 583 P.2d 1249, 1252, n. 6 (Sup.Ct. 1978). This regulation provides the various welfare boards with broad leeway to institute suits for the recovery of the AFDC assistance moneys it extends, the rights to which it has validly and in good faith been assigned. Here, the right of assignment permits the Division of Welfare to assert the rights of Southerland against defendant for child support and provides a mechanism whereby the Division of Welfare can be reimbursed for the moneys advanced to Southerland. Kernbach v. Kernbach, 174 N.J. Super. 544, 547 (Ch.Div. 1980).
The adoption of the assignment system, which authorizes the various county welfare boards to collect court-ordered support payments from the absent parent or parents, is implicitly authorized by the repayment provisions of N.J.S.A. 44:10-4(a) which, in pertinent part, provides:
Whenever any parent or relative with whom a child is living applies for or is receiving assistance for such child pursuant to this act, and it appears that there is pending entitlement to a payment to the child or to either or both his parents of funds arising from a claim or interest legally or equitably owned by such child or by either or both his parents, the county welfare agency may, as a condition of eligibility or continuation of eligibility for such assistance, require such parent ... to execute a written promise to repay, from the funds anticipated, the amount of assistance to be granted from the date of entitlement to such payment. Upon any refusal to make repayment ... the county welfare agency may take all necessary and proper action under the laws of this State to enforce such promise, and the granting or continuing of assistance, as the case may be, shall be deemed due consideration therefor.
See Buchanan v. Essex Cty. Welfare Bd., supra, 117 N.J. at 549-550. Additionally, N.J.S.A. 44:10-2 provides that eligible dependent children and those with whom they are living shall be entitled to receive financial assistance and other services, "which shall be administered in accordance with and governed by requirements, *529 conditions, limitations and procedures similar to those established by chapter 7 of Title 44 of the Revised Statutes...."[1] Referring to chapter 7, N.J.S.A. 44:7-19 provides, in part, that the county welfare director "shall ascertain, if possible, the relatives and other persons chargeable by law for the support of such applicant, and proceed to obtain their assistance for such applicant or to compel them to render such assistance as is provided by law in such cases...."
In view of the foregoing we conclude that the system of assignment employed here, whereby Southerland, the recipient of AFDC assistance grants, assigned her rights to support from defendant to the Division of Welfare, is a proper procedure for the recoupment of such grants. See Redding v. Burlington Cty. Welfare Bd., supra, 65 N.J. at 443-444. See, also, Charleston v. Wohlgemuth, 332 F. Supp. 1175 (E.D.Pa. 1971), aff'd 405 U.S. 970, 92 S.Ct. 1204, 31 L.Ed.2d 246 (1972); Snell v. Wyman, 281 F. Supp. 853 (S.D.N.Y. 1968), aff'd per curiam 393 U.S. 323, 89 S.Ct. 553, 21 L.Ed.2d 511 (1969); In re Marriage of Simmons, 72 Cal. App.3d 205, 139 Cal. Rptr. 832 (D.Ct.App. 1977).
As the Form PA-10G assignment constituted a valid 42 U.S.C.A. § 602(a)(26)(A) assignment, the assigned support rights constitute an obligation owed to the Division of Welfare by defendant, and the amount of that obligation is the total amount specified in the trial court's order of June 6, 1980. 42 U.S.C.A. § 656(a)(1)(A). The amount of payments collected from defendant for support of his infant daughter, who is the beneficiary of AFDC assistance grants, may not be paid directly to Southerland. 42 U.S.C.A. § 654(5). All such moneys owed by defendant which are collected by or paid through the Essex County Probation Department must be transmitted to the Division of Welfare which provided Southerland with the AFDC *530 assistance grants. See In re Marriage of Simmons, supra, 72 Cal. App.3d at 208, 139 Cal. Rptr. 834. This method of collection is specifically required so that both the Division of Welfare and the Federal Government can be reimbursed to the extent of their participation in the public assistance they granted to Southerland. 42 U.S.C.A. § 657(b)(1).
Accordingly, we hold that the assignment executed by Southerland in favor of the Division of Welfare was valid and enforceable and effectively assigned all of her rights in and to the court ordered child support payments to the Division of Welfare.[2] Therefore, the trial court was without warrant to order that the current child support payments be made directly to Southerland rather than to the Division of Welfare. We reverse the portion of the order of the Juvenile and Domestic Relations Court designating Southerland the beneficiary of the $35 a week support payments and remand the matter to the trial court with direction to enter an order designating the Division of Welfare to be the beneficiary of such support payments. We do not retain jurisdiction.
NOTES
[1] N.J.S.A. 44:10-2 (L. 1980, c. 172, § 1) was amended effective December 22, 1980, while this appeal was pending. The statute now specifically makes the assignment of support rights by AFDC applicants to the Division of Welfare authorities automatic by operation of law.
[2] The fact that Southerland's rights to support were not judicially determined until after she executed the assignment does not render the assignment ineffective. The federal statute does not require the presence of an existing support order for the purposes of effectuating a valid 42 U.S.C.A. § 602(a)(26)(A) assignment in the case of a child born out of wedlock. 42 U.S.C.A. § 654(4) implicitly recognizes this fact, as is apparent from the following pertinent language:

A State plan for child support must 
........
(4) provide that such State will undertake 
(A) in the case of a child born out of wedlock with respect to whom an assignment under 602(a)(26) of this title is effective, to establish the paternity of this child ... and
(B) in the case of any child with respect to whom such assignment is effective, to secure support for such child from his parent ... the State may utilize the Federal courts to obtain or enforce court orders for support.
[Emphasis supplied]