**In re Joseph Lavern WILSON a/k/a Joe Wilson, Debtor.**

**In re Lyle Lee KINDRED, Debtor.**

**Bankruptcy Nos. 82–41040, 82–40976.**

United States Bankruptcy Court,
D. Kansas.

April 15, 1983.

---

John R. Hooge of Rumsey & Hooge, Lawrence, Kan., for debtors.

Timothy G. Madden, Asst. Dist. Atty., Lawrence, Kan., and Martha J. Hodge-

smith, Staff Atty., Dept. of Social and Rehabilitation Services, Topeka, Kan., for Kansas Dept. of Social and Rehabilitation Services.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

In these two cases consolidated for decision under F.R.Civ.P. 42, the Court must construe a provision of the Federal Social Security Act and determine if the State of Kansas' practice of securing a single, continuing assignment of support payments from an ex-spouse renders the State's claim against the obligated spouse dischargeable in bankruptcy.

The issue presented for determination is:

Under the State of Kansas' procedure for securing assignments of support obligations in its Aid to Families with Dependent Children Program, is Kansas taking an assignment pursuant to 42 U.S.C. § 602(a)(26)(A), such that the obligation owed to it by the debtor is excepted from discharge under amended 11 U.S.C. § 523(a)(5)(A).

## FINDINGS OF FACT

### In Re Kindred

The debtor was divorced from Sharon K. Kindred on July 26, 1979 in the Douglas County, Kansas District Court. The order required the debtor to pay monthly child support to his ex-spouse in the amount of $60.00 per week for support of their two minor children.

On March 4, 1980 Mrs. Kindred applied for Aid to Families with Dependent Children (AFDC) from the State of Kansas, Department of Social and Rehabilitation Services (SRS). She signed a document entitled "Assignment of Rights to Support and Limited Power of Attorney." In the document, Mrs. Kindred assigned:

any and all accrued (past), present, or future rights to support for which I am entitled in behalf of any person for whom I am applying for assistance and shall remain in full force and effect as to the

respective support rights herein assigned so long as the person to whom the duty of support is owed is a recipient of AFDC from SRS.

A document attached to the assignment entitled "Important Information" stated:

As a condition of your eligibility to receive AFDC, you must assign to the Secretary of SRS, all rights to support that you might have in behalf of any person for whom you are applying for AFDC. This includes all support (alimony and child support) which is now due and owing you and all support to which you may be entitled in the future . . . .

This assignment becomes effective on the date that your application for assistance is approved and will remain in full force and effect as to the respective support rights herein assigned as long as such person is a recipient of AFDC.

This assignment was approved on March 24, 1980.

On April 30, 1981, Mrs. Kindred signed a document entitled "Notice of Partial Termination of Assignment of Support Rights," terminating the March 24, 1980 assignment except as to unpaid support obligations due and owing on April 30, 1981.

Effective May 1, 1981 a new assignment of support rights was signed by Mrs. Kindred assigning to SRS "any and all accrued present, or future rights to support . . . ."

This procedure was repeated several times. Although the debtor states each new assignment only assigned rights to future payments, a plain reading of the document indicates all accrued rights to payment were assigned. The Court therefore finds that each new assignment assigned whatever was due and owing, including sums due and owing under past assignments, plus future rights to support payments. The Court does not know when the last assignment was made.

The debtor filed his chapter 7 petition in bankruptcy on October 6, 1982. SRS filed a proof of claim for past due assigned support in the amount of $4,985.63. The claim was filed as a priority claim. The basis for the *priority* claim assertion is unknown.

### In Re Wilson

The debtor was divorced from Barbara Wilson on May 25, 1982 in Douglas County, Kansas District Court. In the Journal Entry of Judgment, the debtor was required to pay monthly child support to Mrs. Wilson in the amount of $280 to support two minor children.

Mrs. Wilson had applied for AFDC from SRS on November 19, 1981. An assignment was signed similar to the Assignment in *In Re Kindred,* and the assignment was effective November 30, 1981. The assignment was for all accrued, present or future rights to child support.

Like in *In Re Kindred,* a partial termination was signed on April 30, 1982, terminating the assignment of future rights, and continuing the assignment of past due support as of the date of termination.

Mrs. Wilson applied for AFDC again and had her assignment approved on August 1, 1982. This assignment was once again for all accrued, present, and future support rights.

Like in *In Re Kindred,* the Court finds each new assignment assigned whatever was due and owing, at the time of the assignment, including sums due and owing under past assignments, plus future rights to support payments.

The debtor filed a chapter 13 bankruptcy petition on October 29, 1982.

SRS filed a proof of claim as a priority claim in the amount of $1,520 plus current support of $280 per month.

### CONCLUSIONS OF LAW

The debtors argue that only the accrued, past due amount of support owing at the time the assignment form was signed by the ex-spouses is excepted from discharge under 11 U.S.C. § 523(a)(5)(A) as amended, excepting from discharge "Debts assigned pursuant to section 402(a)(26) [42 U.S.C. § 602(a)(26)] of the Social Security Act . . . ." P.L. 97–35, 95 Stat. 863 § 2334(b) (Aug. 13, 1981). 42 U.S.C. § 602(a)(26) (em-

phasis added) provides that applicants for state aid *must,*

> (A) ... *assign* the State any *rights* to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) *which have accrued* at the time such assignment is executed
> . . . .

■ The debtors' briefs are extended discussions of the rules of statutory construction. The debtors argue 42 U.S.C. § 602(a)(26) and 11 U.S.C. § 523(a)(5)(A) plainly state that there is an exception to discharge only for "child support that has accrued as of the time the assignment was executed." (debtor's brief in *In Re Wilson* at 7). This is not what 42 U.S.C. § 602(a)(26) says. In actuality, § 602(a)(26) provides for the assignment of "any *rights* to support ... which have accrued ...." The statutory phrase "rights to support" must be distinguished from the debtors' term "support." All of the ex-spouse's "rights to support" accrue when the journal entry of divorce is entered. Furthermore, it was the actual "rights to support" that were assigned. The accrued right to support arising out of the journal entry of divorce was the right to receive $X support for y months or years.

Thus, each SRS assignment of all "rights to support" were in fact assignments pursuant to § 602(a)(26).

Even if the § 602(a)(26) assignment contemplated an assignment of accrued payments, the Court believes the SRS assignments were still made pursuant to § 602(a)(26).

At the outset, the Court notes § 602(a)(26) establishes a minimum requirement to receive aid. Nothing in the federal statute states or implies and no case has held that the assignment taken by the State (SRS) cannot be an assignment of accrued, present, and future payments. Under the debtors' theory, the Court would read the plain language of 42 U.S.C. § 602(a)(26) to require an assignment of *at least* past due support obligations. In the instant cases,

the ex-spouses have assigned their accrued support payments, future support pursuant to K.S.A. § 39–709(c), which provides that to receive AFDC the applicant must assign:

> any accrued, present or future rights to support from any other person such applicant may have in such person's own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid. The assignment of support rights shall automatically become effective upon the date of approval for or receipt of such aid without the requirement that any document be signed by the applicant or recipient. The assignment shall remain in full force and effect so long as such person is an applicant or recipient . . . .

K.S.A. § 39–709(c) (Supp.1982). The Court believes the assignment of the additional future payments would also be an assignment pursuant to 42 U.S.C. § 602(a)(26).

■ Under the law of assignments, there can be a valid assignment of amounts due, and also amounts that will become due sometime in the future. See, e.g., *Commodore v. Armour & Co.,* 201 Kan. 412, 441 P.2d 815 (1968). Furthermore, by analogy, assignments of an heir's expectancy interest are enforceable in equity. *Sgambelluri v. Nelson,* 480 F.2d 619 (9th Cir.1973). The plain meaning of execute is to complete or to perform. Black's Law Dictionary 676 (4th Ed.1968). The assignment of an inheritance expectancy is enforceable in equity when the expectancy develops into a right. *Sgambelluri v. Nelson,* 480 F.2d 619 (9th Cir.1973). The assignment of the inheritance is truly a completed assignment only when the expectancy occurs. Failure of the expectancy to occur leaves the assignee without any rights. Id. For instance, in New York, the assignment of a future interest in the proceeds of a claim is not effective until the proceeds come into existence. See *MDC Leasing Corp. v. New York Property Ins. Underwriting Assoc.,* 450 F.Supp. 179, 181 (S.D.N.Y.1978), affirmed 603 F.2d 213 and 603 F.2d 214 (2nd Cir. 1979).

██ By analogy, the assignment of future payments to SRS is an assignment enforceable in equity only as the future payments are due and owing. When the future payments become due, the assignment becomes complete and effective as to those payments, and at that moment is an executed, enforceable assignment. Therefore, even under the debtors' theory, upon filing a bankruptcy petition all payments owing to the Kansas SRS arising out of a continuing assignment pursuant to K.S.A. § 39–709(a)(2) are assignments of payments pursuant to 42 U.S.C. § 602(a)(26) and excepted from discharge under 11 U.S.C. § 523(a)(5)(A).

The Court notes that New Jersey appears to utilize a single continuing assignment under an AFDC program, and at least one court appears to have accepted New Jersey's assignments as complying with the requirements of 42 U.S.C. § 602(a)(26). See *Essex County Division of Welfare v. Simon,* 178 N.J.Super. 523, 429 A.2d 609, 611–12 (1981). Furthermore, the Court believes it has given the Social Security Act statute a plain reading based on the law of future assignments, and further believes this reading does justice to the legislative history of the AFDC program, in which it appears Congress contemplated a single assignment:

> The *assignment* of support rights will *continue* as long as the family continues to receive assistance.

S.Rep. No. 1356, 93rd Cong., 2nd Sess. (1974), reported at 4 U.S.Code Cong. and Ad.News 8133, 8153 (1974). Finally, the regulations indicate that an "assignment by operation of State law" is in fact an assignment pursuant to 42 U.S.C. § 602(a)(26) 45 C.F.R. § 232.11(b) (1981). The instant assignment is clearly an assignment by operation of state law.

Although the instant debts are excepted from discharge, the Court does not know of a Bankruptcy Code section granting priority status to these claims. 11 U.S.C. § 507(a)(1–6) grants priority to certain claims, but not to assignments of child support or alimony. Such claims are unsecured, non-priority *non-dischargeable* claims.

Based on the foregoing, in *In Re Kindred* the Court holds SRS has an unsecured, non-priority, non-dischargeable claim in the amount due and owing on the date the debtor filed his bankruptcy petition.

In *In Re Wilson* SRS has an unsecured, non-priority claim that is not dischargeable under 11 U.S.C. § 1328(a)(2) and thus must be provided for in the debtor's plan. The claim to be paid through the plan is in the amount owing at the time the bankruptcy petition was filed. Current payments must be maintained under 11 U.S.C. § 1325(a)(6).

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.