**In the Matter of Derrick & Lisa KEEL, Debtors.**

**Bankruptcy No. BK91–41309.**

United States Bankruptcy Court, D. Nebraska.

May 29, 1992.

Clay B. Statmore, Lincoln, Neb., for debtor.

Kathleen Laughlin, Omaha, Neb., Chapter 13 standing trustee.

Patricia Dugan, Omaha, Neb., Asst. U.S. Trustee.

MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

The question before the court is whether a Chapter 13 plan may separately classify non-dischargeable student loans and provide to treat the student loans more favorably than other unsecured claims. Debtors owe a total of $3,500.00 on two non-dischargeable student loans. The Chapter 13 plan proposes to pay the student loans in full and unsecured creditors nothing. The plan is not confirmed.

Two separate questions are presented:

1. Is it permissible to separately classify general unsecured claims and unsecured student loans?

2. If separate classification is permitted, may the plan discriminate by paying student loans in full and unsecured creditors nothing?

### Classification

■ Although only substantially similar claims may be placed in a class under a Chapter 13 plan:

> nothing prohibits the debtor from placing unsecured claims in separate classes ... as long as the classification 1) complies with § 1122 of the Code, and 2) does not result in unfair discrimination....

*In re Lesser*, 939 F.2d 669, 671 (8th Cir. 1991).

A Chapter 13 plan may separately classify student loan claims and other unsecured claims.

### Discrimination

■ Section 1322(b)(1), prohibits a Chapter 13 plan from discriminating unfairly against any class of creditors. A four part test is applied to determine whether proposed separate classification and treatment of unsecured claims is fair. The court must inquire.

1. whether the discrimination has a reasonable basis;

2. whether the debtor can carry out a plan without the discrimination;

3. whether discrimination is proposed in good faith; and

4. whether the degree of discrimination is directly related to the basis or rationale for the discrimination.

The Eighth Circuit Court of Appeals recently applied the four part test in *In re Lesser*, 939 F.2d at 672, and permitted separate classification and discriminatory treatment of child support obligations. However, the application of the four part test to student loans mandates an opposite result.

First a reasonable basis for separate classification and treatment of student loans is provided by the fact that the loans are not dischargeable.

Second, there is no basis for concluding that the Chapter 13 plan could not be completed, absent discrimination in favor of student loans. If the debtors do not make student loan payments during the bankruptcy case, or if the debtors propose student loans be paid pro rata with other unsecured creditors, it would be possible for the debtors to complete payments under the plan. The holder of the student loans may take no action to collect the debt without relief from the automatic stay. In this regard, student loans should be contrasted with alimony, maintenance and support obligations. As concluded by Judge Kressel, as a practical matter, it would be virtually impossible to propose a successful Chapter 13 plan, which did not provide for payment in full of alimony, support, or maintenance. *In re Storberg*, 94 B.R. 144, 148 (Bkrtcy.D.Minn.1988), cited with approval, *In re Lesser*, 939 F.2d 669, 672 (8th Cir.1991). Section 362(b)(2) permits assertion of past due child support and maintenance claims against property of the debtors without relief from the automatic stay. Enforcement of these claims against post-petition wages of a debtor could make performance of a Chapter 13 plan impossible. There is nothing to suggest that non-payment of student loans would make it impossible for the debtor to complete a Chapter 13 plan.

■ Third, even if we assume *arguendo*, that separate classification and treat-

ment of student loans is necessary to permit completion of the plan, the degree of discrimination proposed in this case should not be approved. A Chapter 13 plan may discriminate among unsecured creditors only to the extent necessary to complete the plan. In the case of student loans, a debtor should never be permitted to accelerate payments on the student loan to the detriment of unsecured creditors. At most, a Chapter 13 debtor should be permitted to make the minimum payments required under the terms of the student loans. On the facts of the case before me, proposed payments on the student loans appear to have been accelerated, although the plan is unclear. Unnecessary acceleration of payments is not good faith under the third part of the test.

The fourth part of the test is not satisfied because the degree of proposed discrimination is unnecessary.

The plan should not be confirmed. Although separate classification of the student loans is permissible, the student loan must be paid the same pro rata amount as other unsecured creditors. I reach this conclusion because there has been no showing that discriminatory treatment is necessary to permit debtors to complete a Chapter 13 plan. Other courts have reached the same conclusion. See *In re Saulter*, 133 B.R. 148 (Bkrtcy.W.D.Mo.1991); *In re Tucker*, 130 B.R. 71 (Bkrtcy.S.D.Iowa 1991), and *In re Scheiber*, 129 B.R., 604 (Bkrtcy.D.Minn.1991).

A separate order will be entered consistent herewith.