Clarice Morris GROVES,
Debtor/Appellant,

v.

John V. LaBARGE, Jr., Chapter
13 Trustee/Appellee.

Ethel Mae DAVIS, Debtor/Appellant,

v.

John V. LaBARGE, Jr., Chapter
13 Trustee/Appellee.

Joyce Belle Harvel BARNEY,
Debtor/Appellant,

v.

John V. LaBARGE, Jr., Chapter
13 Trustee/Appellee.

Nos. 4:92CV2487–DJS, 4:92CV2488–
DJS, 4:92CV2489–DJS.

United States District Court,
E.D. Missouri, E.D.

Oct. 20, 1993.

---

Teresa A. Generous, Norman W. Pressman, Greensfelder, Hemker & Gale, St. Louis, MO, for Clarice Morris Groves, Ethyl Mae Davis, Joyce Belle Harvel Barney.

Diana S. Daugherty, St. Louis, MO, for John V. LaBarge, Jr.

James S. Cole, Jr., Asst. U.S. Trustee, St. Louis, MO.

## MEMORANDUM OPINION

STOHR, District Judge.

Each of the debtor-appellants appeals from the order of the Bankruptcy Court sustaining the Chapter 13 Trustee's objection to confirmation of the debtors' Chapter 13 plans.[1] The appeals present a single issue for the District Court's consideration and so have been consolidated; oral argument was heard on October 15, 1993. The question presented on appeal is whether the Bankruptcy Court erred in denying confirmation of the debtors' plans on the ground that the plans' classification and treatment of student loan claims (ordinarily non-dischargeable under 11 U.S.C. § 1328(a)(2) and § 523(a)(8)) as compared to the plans' classification of dischargeable unsecured claims constituted unfair discrimination between classes of unsecured claims, as prohibited by § 1322(b)(1). The question presented involves a determination of law, which is subject to de novo review by

this Court. *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987).

Section 1322(b)(1) of the Bankruptcy Code provides that a debtor's Chapter 13 may designate classes of unsecured claims, as provided for in § 1122, but may not unfairly discriminate between classes.[2] Each debtor-appellant's plan proposed to pay non-dischargeable student loan obligations in full while paying 10% to 40% of other unsecured claims. The Bankruptcy Court concluded that the separate classification of the student loan debt was motivated in each case by its non-dischargeability, a fact which debtors do not dispute.

The Bankruptcy Code does not define "discriminate unfairly" as that terminology is used in § 1322(b)(1). In determining whether the classification at issue here was unfairly discriminatory, the Bankruptcy Court noted that the debtor bears the burden of proving that the classification is not discriminatory, and analyzed the question using a widely-adopted four-part test from *In re Storberg,* 94 B.R. 144, 146 (Bankr.D.Minn.1988), which directs consideration of:

(1) Whether the discrimination has a reasonable basis;

(2) Whether the debtor can carry out a plan without such discrimination;

(3) Whether such discrimination is proposed in good faith; and

(4) The treatment of the class discriminated against.

This Court agrees with the majority of bankruptcy courts[3] which have considered the issue now before the Court and held, with respect to the first and second factors of the *Storberg* test, that non-dischargeability alone is not a reasonable basis for discriminatory treatment and/or that, under most circumstances, a student loan debtor can carry out a Chapter 13 plan without an extreme imba-

---

1. When the Trustee filed the same objection to each of the three debtor/appellants' Chapter 13 plans (along with others), the Bankruptcy Court consolidated the hearing of argument on the issue and issued a single order, on November 18, 1992, sustaining the Trustee's objection and denying confirmation of all three plans.

2. Section 1122(a) provides, in pertinent part, that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class."

3. The issue before this Court has not yet been ruled upon by any other District Court or Court of Appeals.

lance between the treatment of student loan claims and other unsecured claims. *See, e.g., In re Chapman,* 146 B.R. 411, 417 (Bankr. N.D.Ill.1992); *Matter of Keel,* 143 B.R. 915 (Bankr.D.Neb.1992); *In re Taylor,* 137 B.R. 60 (Bankr.W.D.Okl.1992); *In re Saulter,* 133 B.R. 148 (Bankr.W.D.Mo.1991); *Matter of Tucker,* 130 B.R. 71 (Bankr.S.D.Iowa 1991); *In re Scheiber,* 129 B.R. 604 (Bankr.D.Minn. 1991).

■ The Court's view is aptly expressed by borrowing language from the bankruptcy court in *In re Saulter,* 133 B.R. 148, 149 (Bankr.W.D.Mo.1991), on which the court below also relied: to allow discrimination solely on the basis of non-dischargeability enables the debtor "to exit bankruptcy free of student loan liability at the expense of other unsecured creditors," and "[i]n essence ... [to] shift[ ] the student loan non-dischargeability burden from herself onto her general unsecured creditors." In interpreting § 1322(b)(1) the Court must balance the sometimes conflicting goals of the Bankruptcy Code, i.e., a "fresh start" for the debtor and equitable treatment of creditors. In the instant cases, the proposed plans' considerably preferential treatment of non-dischargeable student loans over other unsecured claims—100% versus, at best, 40%—more than overbalances the debtors' desire for a clean slate as against fairness to their general unsecured creditors.

The three minority-view decisions on which debtors rely are, in any event, distinguishable. In *In re Dodds,* 140 B.R. 542 (Bankr. D.Mont.1992), the Bankruptcy Court confirmed a plan proposing to pay a student loan in full outside the plan and pay other unsecured creditors approximately 79%. The differential between 100% and 79% is not so significant as in the cases now before this Court, and may militate against a finding of unfair discrimination. *In re Boggan,* 125 B.R. 533 (Bankr.N.D.Ill.1991), the Bankruptcy Court confirmed a Chapter 13 plan which paid educational lenders a greater percent-

age than other unsecured creditors, but there the Court did not analyze the plan under § 1322(b)(1) for unfair discrimination, but only analyzed it under the "best interests" test articulated in §§ 1325(a)(4) and 1328(a).[4] Finally, the plan approved in *Matter of Foreman,* 136 B.R. 532 (Bankr.S.D.Iowa 1992), sought to pay student loan obligations concurrently with a secured claim, prior to payment of the remaining unsecured claims, but nonetheless provided for 100% payment of all unsecured claims. In view of their distinguishable features, the Court is not persuaded that any of these cases weighs in favor of confirmation of the plans at issue here.

The Court finds unpersuasive debtors' analogy between government-guaranteed student loans and child support obligations. Debtors would extend to their plans the holding of *In re Leser,* 939 F.2d 669 (8th Cir. 1991), an Eighth Circuit decision upholding confirmation of a Chapter 13 plan which separately classified and gave favorable treatment to non-dischargeable child support obligations, arguing that there exist analogous laws specially governing student loans which evince an equally strong public policy interest in their enforcement and repayment.[5] At least one other Bankruptcy Court has found *Leser* inapplicable to student loan debt. *See Keel,* 143 B.R. at 916. Upon considering debtors' comparison of the public interest in the enforcement of child support and student loan obligations, and the expression of that policy in various statutes, this Court also concludes that public policy can more readily tolerate less than full payment of student loan debt during the life of a Chapter 13 plan, with continued liability thereafter, than it can reduced payment of child support obligations for the duration of a Chapter 13 plan.

Debtors also argue that because student loans are government-guaranteed the government is in essence a co-signer of the loans so that their separate classification is permissible under the particular exception in § 1322(b)(1) for consumer debt involving a

---

4. A different judge of the same Bankruptcy Court so distinguished *Boggan* in denying confirmation to such a plan under § 1322(b)(1), in *Chapman,* 146 B.R. at 421.

5. In *Leser,* the Eighth Circuit largely relied upon, without reiterating, the Bankruptcy Court's "lengthy discussion of 'the overwhelming public policy in favor of providing for support of children.'" *Id.* at 672.

co-signer.[6] Debtors cite no cases to support the necessary elements of this argument, i.e., no cases holding that student loans are "consumer debt" and that the federal agency guaranteeing a student loan is an "individual liable on such consumer debt with the debtor," as those terms are used in § 1322(b)(1).[7]

Finally, debtors argue that if plans such as theirs cannot be confirmed for the reasons asserted by the Trustee, debtors will resort to serial filings of either a Chapter 7 proceeding followed by a Chapter 13 (a "Chapter 20"), in which unsecured creditors would receive less than under debtors' proposed plans, or two back-to-back Chapter 13 proceedings (a "Chapter 26"). Debtors argue that as a practical matter, "forcing" student loan debtors to take these routes would be unnecessarily expensive and a burden on the Bankruptcy Courts. If the appropriate legal analysis yields the conclusion that the debtors' plans classify student loan debts discriminatorily in violation of § 1322(b)(1), it is irrelevant whether or not there exists an undesirable end-run around such a ruling.

The Court finds that debtors have failed to satisfy the first two prongs of the *Storberg* test and thereby failed to meet their burden of proving that the proposed plans do not unfairly discriminate between classes of creditors as prohibited by § 1322(b)(1). Accordingly, by separate judgment entered herein this day, the Court will affirm the Bankruptcy Court's denial of confirmation of the debtors' Chapter 13 plans.

### *JUDGMENT*

Pursuant to the memorandum opinion filed herein this day,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the Bankruptcy Court's denial of confirmation of the debtor-appellants' Chapter 13 plans is AFFIRMED.

---

6. Section 1322(b)(1) provides that the plan may "designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; *however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims* " (emphasis added).

7. In this same context, debtors assert, apparently for the first time, that debtor Davis' student loan obligation was co-signed by a family member, although her proposed plan failed to reflect the fact. On appeal, this Court does not consider this newly asserted fact, which is not established by the record and upon which the Bankruptcy Court's decision was not based.