In re Clarice Morris GROVES, Ethyl Mae Davis, Joyce Belle Harvel–Barney, Debtors.

Clarice Morris GROVES, Ethyl Mae Davis, Joyce Belle Harvel–Barney, Plaintiffs–Appellants,

v.

John V. LaBARGE, Jr., Defendant–Appellee.

No. 93–3981.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1994.

Decided Nov. 4, 1994.

---

Norman W. Pressman, St. Louis, MO, argued (Norman W. Pressman and Teresa A. Generous, on the brief), for appellants.

Diana Spulh Daugherty, St. Louis, MO, argued, for appellee.

LOKEN, Circuit Judge.

Clarice Morris Groves, Ethyl Mae Davis and Joyce Belle Harvel–Barney appeal the district court[1] judgment affirming bankruptcy court[2] orders refusing to confirm their proposed Chapter 13 plans. The issue is whether a plan that proposes to separately classify and fully repay nondischargeable student loans discriminates unfairly against other unsecured creditors who will receive only partial repayment of their dischargeable claims. We affirm.

---

1. The HONORABLE DONALD J. STOHR, United States District Judge for the Eastern District of Missouri.

2. The HONORABLE BARRY S. SCHERMER, United States Bankruptcy Judge for the Eastern District of Missouri.

Chapter 13 permits a consumer debtor with relatively small debts to obtain a discharge in bankruptcy after repaying debts with disposable income for three to five years under a confirmed plan of reorganization. The debtor remains in possession of his or her property during the life of the plan, and adverse creditor actions are automatically stayed, *see* 11 U.S.C. §§ 1301(a), 1306(b), 1322(c). The debtor may "designate a class or classes of unsecured claims [for purposes of repayment] but may not discriminate unfairly against any class so designated." 11 U.S.C. § 1322(b)(1).

In these cases, debtors each filed a proposed Chapter 13 plan that placed their unsecured student loan claims into one class and all other unsecured creditors in another. The plans provided for full repayment of the student loans over the life of the plans but only 10–40% repayment of other unsecured claims. At the completion of a Chapter 13 plan, the unpaid portions of most unsecured debts are discharged but student loans, unless fully repaid during the plan period, are not discharged. *See* 11 U.S.C. § 1328(a)(2).[3] Thus, debtors' proposed classifications would maximize the benefits of Chapter 13 protection by allowing them to repay nondischargeable debts at the expense of their other unsecured creditors.

The trustee objected to each plan as unfairly discriminating against these other unsecured claims. The bankruptcy court consolidated the cases and sustained the trustee's objections, concluding that the nondischargeability of student loans is an insufficient basis for discriminatory classifications. Debtors successfully moved to stay dismissal of their Chapter 13 cases pending appeal and then appealed to the district court under 28 U.S.C. § 158(a). The district court affirmed, 160 B.R. 121, and debtors now appeal to this court under 28 U.S.C. § 158(d).

■ In *Lewis v. Farmers Home Admin.*, 992 F.2d 767 (8th Cir.1993), we held that a bankruptcy court order denying confirmation of a Chapter 13 plan without dismissing the case is not a final order under § 158(d). Once again, as happens all too often, bank-

ruptcy practitioners have briefed and argued an appeal to this court paying no attention to our controlling jurisdictional precedents. The Chapter 13 cases of Clarice Groves and Joyce Harvel–Barney were pending when debtors appealed the district court order. Those appeals are dismissed for lack of jurisdiction.

■ However, we have reviewed the bankruptcy court file and conclude that the appeal by Ethyl Davis stands in a different posture. Five months before the district court entered the order here at issue, the bankruptcy court granted the trustee's motion to dismiss Davis's Chapter 13 case. Therefore, we have jurisdiction over Davis's appeal because the district court order "effectively terminated the proceeding on the merits," leaving only the ministerial tasks of approving the trustee's final account and closing the case. *In re Ficken*, 2 F.3d 299, 300 (8th Cir.1993). We therefore turn to the merits of that appeal.

■ A Chapter 13 debtor's plan of reorganization may place unsecured claims in separate classes "as long as the classification 1) complies with section 1122 of the Code and 2) does not result in unfair discrimination between the claims grouped separately." *In re Leser*, 939 F.2d 669, 671 (8th Cir.1991). Davis has the burden of proving that the proposed classification does not discriminate unfairly. *See In re Scheiber*, 129 B.R. 604, 606 (Bankr.D.Minn.1991). The appropriate standard of appellate review is less clear. *Leser* treated a similar issue as "solely one of legal interpretation," 939 F.2d at 671. But in *Hanson v. First Bank of S.D.*, 828 F.2d 1310, 1313 (8th Cir.1987), we noted "the broad discretion of the bankruptcy court in matters of classification," and reviewed a classification issue under the clearly erroneous standard of Bankruptcy Rule 8013. Like the parties and the district court, we will treat the issue presented in this case as primarily one of statutory construction, to be reviewed *de novo*. But application of the "discriminate unfairly" standard in other cases may involve little more than exercise of the bankruptcy court's broad discretion.

---

**3.** Student loans are dischargeable only if they first became due seven years before filing of the petition or if repayment would cause the debtor undue hardship. 11 U.S.C. § 523(a)(8).

The issue in this case is of recent origin because the 1990 amendments to the Bankruptcy Code made student loans nondischargeable in Chapter 13 proceedings. Davis argues that this change in the law makes it appropriate to place these claims in a priority class because it reflects a congressional policy that student loans be repaid, like the public policy favoring child support that caused us to approve the separate classification of support obligations in *Leser.* . Davis further argues that the resulting discrimination against other unsecured creditors is not unfair because of the congressional intent to provide debtors a "fresh start," and because these unsecured creditors would have received nothing had she proceeded under Chapter 7.

We agree with the reasoning of the bankruptcy court and the district court in rejecting these contentions. The bankruptcy court explained:

> The Eighth Circuit and the bankruptcy courts which addressed separate classification of child support claims allowed the discrimination in favor of child support claimants because, in light of the public policy favoring payment of child support, they could not conceive of confirming a Chapter 13 plan which did not provide for payment in full of such obligations. As a practical matter then, separate classification had to be permitted to enable debtors to pay child support claims in full unless the debtors were able to pay all unsecured claims in full.
>
> With respect to student loan obligations, however, public policy does not dictate full payment of such debts during the life of the plan. Thus, there is nothing to stop a debtor from carrying out a Chapter 13 plan without separate classification of these claims. The debtor need only formulate a plan which pays student loan debtors pro rata with other unsecured creditors during the life of the plan and as a continuing obligation thereafter. Alternatively, the debtor may treat the student loan obligation as a long term indebtedness under § 1322(b)(5), curing arrearages within a reasonable time and thereafter maintaining regular payments. While

such plan treatment may result in the debtor emerging from his Chapter 13 plan with a continuing obligation which may impede the debtor's fresh financial start, . such an imposition may be the result envisioned by Congress in amending § 1328(a)(2) to make student loans nondischargeable in a Chapter 13 case unless the debtor can demonstrate the debt should be dischargeable under either provision of § 523(a)(8). Absent a showing that discriminatory treatment is necessary for the debtor to complete his Chapter 13 plan, separate classification of student loan and general unsecured obligations cannot be permitted under the Bankruptcy Code.

The district court added, "In the instant cases, the proposed plans' considerable preferential treatment of non-dischargeable student loans over other unsecured claims—100% versus, at best, 40%—more than overbalances the debtors' desire for a clean slate as against fairness to their general unsecured creditors." *See also In re Keel,* 143 B.R. 915, 917 (Bankr.D.Neb.1992) ("a debtor should never be permitted to accelerate payments on the student loan to the detriment of unsecured creditors"); *In re Saulter,* 133 B.R. 148 (Bankr.W.D.Mo.1991); *In re Tucker,* 130 B.R. 71, 73 (Bankr.S.D.Iowa 1991); *In re Scheiber,* 129 B.R. at 606–07.

Davis further argues that the bankruptcy court has reached an impractical result because she can now file a Chapter 7 plan and liquidate her dischargeable unsecured claims, followed by a Chapter 13 petition to deal with her remaining unsecured creditors, the nondischargeable student loans. The district court properly answered this argument—"it is irrelevant whether or not there exists an undesirable end-run" around an otherwise correct ruling. Moreover, while the "serial filing" of Chapter 7 and Chapter 13 petitions is not categorically prohibited, there are many Bankruptcy Code provisions designed to prevent debtors from abusing the Code's equitable remedies. *See Johnson v. Home State Bank,* 501 U.S. 78, 87–88, 111 S.Ct. 2150, 2156, 115 L.Ed.2d 66 (1991); *Fonder v. United States,* 974 F.2d 996 (8th Cir.1992). Debtors should not assume that the classification restrictions of § 1322(b)(1) could be evaded in this manner.

For the foregoing reasons, we disagree with the proposition that a Chapter 13 debtor's interest in a "fresh start" justifies separately classifying student loans for the sole purpose of preferentially repaying those accelerated debts to the prejudice of other unsecured claims. Instead, we agree with the bankruptcy court and the district court that the nondischargeability of student loan claims, by itself, does not justify substantial discrimination against other, dischargeable unsecured claims in a Chapter 13 plan.

The judgment of the district court is affirmed. The appeals of Groves and Harvel–Barney are dismissed for lack of jurisdiction.