**In re David T. COX and Andrea Cox, Debtors.**

**Bankruptcy No. 95–04156.**

United States Bankruptcy Court, N.D. Florida, Pensacola Division.

Sept. 15, 1995.

tion, filed on July 12, 1995. The debtor's plan provides for a class of "nondischargeable unsecured claims." This class consists of seven student loans totalling $72,139.00. The debtor has proposed to pay these student loans outside of the plan, according to the terms of each individual note. The other nonpriority unsecured claimants are to receive a distribution of approximately 18% on their claims. The trustee asserts that the proposed plan unfairly discriminates between these classes, and that the plan has also been filed in bad faith. For the following reasons, the trustee's objections will be overruled.

Section 1322(b)(1) of the Bankruptcy Code[1] provides that a chapter 13 plan may "designate a class or classes of unsecured claims, ... but may not discriminate unfairly against any class so designated...." It is the debtor's burden to prove the elements of a confirmable plan. *E.g., In re Anderson,* 173 B.R. 226, 229 (Bankr.D.Colo.1993); *In re Ristic,* 142 B.R. 856, 859 (Bankr.E.D.Wis. 1992).

Many courts have already analyzed the proper circumstances for separate classification of student loan debt. *McDonald v. Sperna (In re Sperna),* 173 B.R. 654, 658 (9th Cir. BAP 1994); *McCullough v. Brown,* 162 B.R. 506 (N.D.Ill.1993); *In re Chapman,* 146 B.R. 411, 417–18 (N.D.Ill.1992); *In re Eiland,* 170 B.R. 370 (Bankr.N.D.Ill.1994). Since the amendments to the Bankruptcy Code in 1990 that made student loan debt nondischargeable, absent an applicable exception, in chapter 13 proceedings[2], debtors have attempted to use this fact as a valid reason for separate classification of student loan debt, claiming that Congress's policy that student loans should be repaid is enough to support separate classification. Debtors have also claimed that repaying student loans over other unsecured debt within a plan insures an adequate "fresh start." The debtors in this case have also made these policy arguments in support of separate classification.

Tom Reed, Pensacola, FL, for debtors.

Leigh Hart, Trustee, Tallahassee, FL.

## ORDER ON OBJECTION TO CONFIRMATION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the court on the chapter 13 trustee's objection to confirma-

---

1. 11 U.S.C. §§ 101–1330 (1995), et seq. For convenience, all references to the provisions of the bankruptcy code will be by section number.

2. 11 U.S.C. 1328(a)(2) includes the student loan exception found in 523(a)(8).

■ Most courts agree that simply because student loans are nondischargeable, does not automatically allow them to be treated differently within a chapter 13 plan. *See Sperna,* 173 B.R. at 658; *McCullough,* 162 B.R. 506; *In re Chapman,* 146 B.R. at 417–18; *In re Eiland,* 170 B.R. 370. While it is true that both student loan debt and family support debt are excepted from automatic discharge by 1328(a)(2), this fact should not mandate that the preferential treatment allowed for family support obligations be applied to student loan debt. The public policy behind full payment of support obligations dictates that a lesser payout to other unsecured creditors should be tolerated during the life of the plan. *In re Leser,* 939 F.2d 669 (8th Cir.1991). However, no such policy exists for student loans. *See Groves v. La-Barge (In re Groves),* 39 F.3d 212, 215 (8th Cir.1994). The federal government's need for the repayment of student loans, while an important policy objective, does not approach a family's need for the immediate payment of alimony or child support obligations. The nondischargeability of student loans in a chapter 13, absent other factors, should not be the basis of discrimination against other unsecured creditors. *See Groves,* 39 F.3d at 215; *In re Anderson,* 173 B.R. 226, 230 (Bankr.D.Colo.1993); *In re Keel,* 143 B.R. 915, 917 (Bankr.D.Neb.1992); *In re Scheiber,* 129 B.R. 604, 606 (Bankr.D.Minn.1991).

■ The chapter 13 trustee states that the debtors here are also discriminating unfairly, and are acting in bad faith, by proposing to pay their student loan obligations "in full" while their other unsecured creditors receive less. I acknowledge that the debtor's plan does call for their student loans to be treated differently than their other unsecured debt. However, these loans are to be paid according to their individual contractual terms during the life of the plan. The student loan creditors are to receive no more than they would have received outside of bankruptcy, and will not be paid "in full" during the life of the plan as the trustee alleges. The student loan creditors will receive $30,510.36 over the life of plan, or approximately 42.3% of their claims. This is not a case involving the unnecessary acceleration of student loan debt. *See Keel,* 143 B.R. at 917 (accelerating student loan debt unnecessarily is evidence of bad faith). Instead, these debtors are merely making the minimum payments due under the terms of the loans. *Id.* at 917.

■ The chapter 13 trustee has demonstrated that the debtors' treatment of their student loan debt in this manner, and its payment outside the plan, will reduce the distribution to the other unsecured creditors by 42%. While this may be discriminatory, it is not "unfair" as defined by 1322(b)(1), because such treatment is specifically sanctioned by the bankruptcy code. *In re Benner,* 156 B.R. 631, 634 (Bankr.D.Minn.1993). Specifically, section 1322(b)(5) states that a plan may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." This "long term debt" provision directly applies to student loan obligations. *See Groves,* 39 F.3d at 215; *Benner,* 156 B.R. at 634. While the trustee has correctly demonstrated that unsecured creditors will receive a lower payout, the terms of 1322(b)(5) allow the maintenance of payments, outside of a plan, on an unsecured claim that extend beyond the life of the plan. *See* 11 U.S.C. § 1322(b)(5); *Benner,* 156 B.R. at 635.

Other courts have held that the use of 1322(b)(5) in similar circumstances does not violate 1322(b)(1). *Benner,* 156 B.R. at 634; *Cf. In re Saulter,* 133 B.R. 148 (Bankr. W.D.Mo.1991) (court stated in dicta that long-term student loan debt can be treated under section 1322(b)(5) and not violate 1322(b)(1)). *Benner* correctly points out that "[s]ince student loan debt and marital dissolution obligations are the only significant type of long-term [unsecured] debt carried by chapter 13 debtors, section 1322(b)(5) would be rendered largely ineffective with respect to unsecured debt if student loans could not be treated thereunder solely because the creditor would receive better treatment than other nonpriority unsecured creditors." *Benner,* 156 B.R. at 634. A lesser payout may be tolerated in this situation because section 1322(b)(5) proves that "a

form of discrimination is sometimes possible in bankruptcy, even if creditors can correctly view it as most unfair." *In re Eiland,* 170 B.R. 370, 379 (Bankr.N.D.Ill.1994).

Several courts have applied the four part *Leser* test to determine whether separate classification is unfairly discriminatory. *See Leser,* 939 F.2d 669, 672 (8th Cir.1991). It is unnecessary to engage in an analysis of these factors, because 1322(b)(5) prevents a finding of unfair discrimination in this case as a matter of law.

I also note for the record that the total liquidation value of the assets available to non-student loan unsecured creditors would be $4475.00. Since these creditors would receive a total of $4816.84 under the debtors' amended plan, the plan meets the § 1325(a)(4) liquidation test. The other confirmation standards have also been met. Therefore, the trustee's objection is hereby overruled and the plan will be confirmed. The trustee shall submit an appropriate order of confirmation.

DONE AND ORDERED.