# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 15-6009

_____

In re: Kevin D. Jordahl, Jr.; Sarah J. Jordahl, formerly known as Sarah J. Davis

*Debtor*s

------------------------------

Kevin D. Jordahl, Jr.; Sarah J. Jordahl

*Debtors - Appellants*

v.

Gregory A. Burrell

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 9, 2015
Filed: November 2, 2015

_____

Before SCHERMER, SALADINO and NAIL, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

The Debtors, Kevin D. Jordahl, Jr. and Sarah J. Jordahl (Debtors), appeal from the order of the bankruptcy court[1] confirming their amended Chapter 13 plan. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue in this appeal is whether a Chapter 13 debtor is permitted to pick and choose the subsections of 11 U.S.C. § 1322(b) with which he will comply to the exclusion of other subsections, or whether when the debtor's treatment under one subsection of § 1322(b) falls within the ambit of another subsection, the debtor must meet all standards of that other subsection. We hold that when a Chapter 13 debtor's treatment of a creditor under one subsection of § 1322(b) falls within the contours of another subsection of that statute, all standards of both subsections must be satisfied. Specifically, we examine whether the maintenance of regular payments for unsecured non-priority student loan debt by the Debtors in this case, while they paid substantially less to other unsecured non-priority debt, satisfied the requirements of Bankruptcy Code §§ 1322(b)(1) and (b)(10). We hold that those requirements were not met.

## BACKGROUND

On September 30, 2013, the Debtors filed a petition for relief under Chapter 7 of Title 11 of the United States Code (Bankruptcy Code), and the Debtors' case was later converted to a case under Chapter 13.

The two Debtors had a total of three student loans, each of which had a final payment that would come due after the completion of the Debtors' Chapter 13 plan. The Debtors were current on their student loan payments at all relevant times.

---

[1] The Honorable Kathleen H. Sanberg, United States Bankruptcy Judge for the District of Minnesota.

Following the conversion of the Debtors' case to Chapter 13, the Debtors filed their Chapter 13 plan (Original Plan). The Original Plan bifurcated the Debtors' non-priority unsecured debt into student loan debt (which was non-dischargeable) and all other unsecured non-prority debt (which was dischargeable). Taking into account the calculations by the Debtor and Chapter 13 trustee, Gregory A. Burrell (Trustee), the bankruptcy court found that the proposed dividend to unsecured creditors would be between 6% and 11.5% under the Original Plan. The Original Plan provided that the Debtors would maintain their full student loan payments under Bankruptcy Code §1322(b)(5), making those payments directly to the lenders. The bankruptcy court found that the dividend to the Debtors' student loan creditors over the life of the plan was projected to be 52%.

The Trustee objected to confirmation of the Original Plan because the Debtors' proposed treatment of the student loans, while meeting the standards of § 1322(b)(5), failed to meet the requirements of Bankruptcy Code §§ 1322(b)(1) and (b)(10). In its opinion, the bankruptcy court denied confirmation of the Original Plan because the Debtors' separate classification of the student loan debt constituted unfair discrimination under Bankruptcy Code § 1322(b)(1). The court did not address the Trustee's arguments that the Original Plan failed to meet the requirements of Bankruptcy Code § 1322(b)(10) because the student loan debt payments included interest, while all other allowed claims were not paid in full.

Thereafter, the Debtors filed a first modified plan (Modified Plan), under which the Debtors proposed to maintain and make payment directly to the lender for one student loan (principal and interest), which the Debtors stated was a loan that was co-signed by a grandmother of one of the Debtors. The Debtors proposed to pay the remaining two student loans the same *pro rata* distribution that would be paid to other unsecured non-priority creditors. The Trustee objected to confirmation of the Modified Plan because it proposed payment of post-petition interest on non-dischargeable student loan debt, while the Debtors were not making full payment of

all allowed claims. The Debtors objected to confirmation of the Modified Plan because it did not provide for treatment of the three student loans as the Debtors had proposed in the Original Plan. The bankruptcy court denied confirmation of the Modified Plan.

The Debtors filed a second modified plan, which the Debtors did not pursue after the Trustee objected to it. The Debtors then filed their third modified plan (Final Plan). The Final Plan separately treats one student loan for which the payment of the principal amount (but not interest) of the loan is maintained. With respect to this loan, the Final Plan states "Codebtor is liable on claim. All amounts paid to this creditor during the plan term shall be applied only to principal and not to interest." Under the Final Plan, the remaining student loans are to be paid *pro rata* with other unsecured non-priority claims. Against the Debtors' objection, the Final Plan was confirmed. The Debtors timely appealed.

## STANDARD OF REVIEW

We review findings of fact for clear error and conclusions of law *de novo*. *Venture Bank v. Lapides,* 800 F.3d 442, 443 (8th Cir. 2015). Statutory interpretation is a legal question that we review *de novo*. *Hardy v. Fink*, 787 F.3d 1189, 1192 (8th Cir. 2015). The standard of review for whether a debtor's classification discriminates unfairly is unclear. In *Groves v. LaBarge (In re Groves)*, 39 F.3d 212 (8th Cir. 1994), the Eighth Circuit "treated the issue of classification as 'primarily one of statutory construction." *Copeland v. Fink (In re Copeland)*, 742 F.3d 811, 813 (8th Cir. 2014) (quoting *Groves*, 39 F.3d at 214). However, the *Groves* court stated that "application of the 'discriminate unfairly' standard in other cases may involve little more than exercise of the bankruptcy court's broad discretion." *Id.* (quoting *Groves*, 39 F.3d at 214). Our conclusion is the same regardless of which standard is used.

## DISCUSSION

The Debtors' appeal of the order confirming their Final Plan was proper. *See Bullard v. Blue Hills Bank*, 135 S.Ct. 1686 (2015) (order denying confirmation of Chapter 13 plan was not final for appeal when the debtor could propose an alternate plan)*; Zahn v. Fink (In re Zahn),* 526 F.3d 1140, 1141 (8th Cir. 2008) (Debtor had standing to appeal confirmation of her own plan). The Debtors seek reversal of confirmation of their Final Plan and approval of their Original Plan.[2]

### A.      11 U.S.C. § 1322(b)

Bankruptcy Code § 1322(b) sets forth eleven subsections pertaining to a Chapter 13 plan. It provides, in pertinent part, that:

> (b) . . . the plan may –
>
>      (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims;
>      . . .
>      (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;
>      . . .
>      (10) provide for the payment of interest accruing after the date of the filing of the petition on unsecured claims that are nondischargeable under section 1328(a), except that such interest may

---

[2]      In their brief, the Debtors request that we "reverse the bankruptcy court's confirmation of the debtors [*sic*] third modified plan and remand the case so that the debtors may propose a plan substantially similar to their original plan for confirmation."

be paid only to the extent that the debtor has disposable income available to pay such interest after making provision for full payment of all allowed claims;

11 U.S.C. §§ 1322(b)(1), (b)(5) and (b)(10). Section1122(a) states that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. §1122(a).

The Debtors argue that the word "may" in § 1322(b) signifies that they are permitted to choose one subsection of the statute (§ 1322(b)(5)) for treatment of their student loan debt, to the exclusion of all other subsections. The Trustee submits that the subsections of § 1322(b) are not eleven independent choices; instead, they set forth eleven standards that must be met in a Chapter 13 plan.

We agree with neither the Debtors nor the Trustee. Instead, we hold that when a Chapter 13 Debtor's treatment of a creditor under one subsection of § 1322(b) falls within the contours of another subsection of that statute, all standards of both subsections must be satisfied. This is clear from the face of § 1322(b) and a common sense reading of the statute. To allow a debtor to comply with the requirements of only one of the eleven subsections of § 1322(b) when the facts of his case fall within another subsection of the statute would be nonsensical. Congress chose to set forth all eleven subsections. A debtor cannot ignore those that he does not like.

The Debtors cite to *dicta* in the Eighth Circuit's *Groves* decision, which they believe supports their argument that they need only comply with § 1322(b)(5), to the exclusion of the other subsections of § 1322(b). 39 F.3d at 215. However, the sentence to which the Debtors cite, "[a]lternatively, the debtor may treat the student loan obligation as a long term indebtedness under § 1322(b)(5), curing arrearages within a reasonable time and thereafter maintaining regular payments," is just that, *dicta*. *Id.* The interplay between § 1322(b)(5) and the other subsections of § 1322(b)

was not at issue in *Groves,* and the language cited by the Debtors does not impact our ruling.

The Trustee does not dispute the application of § 1322(b)(5) to the student loan debt, provided that the Debtors also comply with the requirements of §§ 1322(b)(1) and (b)(10). The Trustee argues that the Debtors failed to comply with the requirements of §§1322(b)(1) and (b)(10). We address each subsection in turn.

### (1) 11 U.S.C. § 1322(b)(1)

Under §1322(b)(1), "[a] Chapter 13 debtor's plan of reorganization may place unsecured claims in separate classes 'as long as the classification 1) complies with section 1122 of the Code and 2) does not result in unfair discrimination between the claims grouped separately." *Groves*, 39 F.3d at 214 (quoting *Mickelson v. Leser (In re Leser)*, 939 F.2d 669, 671 (8th Cir. 1991)); 11 U.S.C. § 1322(b)(1).

The Debtors believe that under their Original Plan, § 1322(b)(1) does not apply, because the Debtors did not create a separate class for the student loan debt under §1122. The Debtors argue that they instead elected to treat their student loan debt separately under § 1322(b)(5). However, § 1122(a) simply states that a claim must be substantially similar to the other claims in the same class. By paying the student loan debt directly, and not through the plan, the effect of what the Debtors did was to separately classify and treat the student loan debt. Therefore, § 1322(b)(1)[3]

---

[3] Section 1322(b)(1) also states that the plan "may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims." 11 U.S.C. §1322(b)(1). The confirmed Final Plan separately classified and provided for the maintenance of payment of the principal (but not interest) of one student loan that was co-signed by a third party. The Trustee did not contested the payment of principal on the co-signed loan and no issue regarding such payment was raised in this appeal.

does apply and the Debtors must comply with the bar on unfair discrimination in that statute.

The Eighth Circuit has "adopted a four-part test for unfair discrimination" under § 1322(b)(1). *Copeland*, 742 F.3d at 813. Under the test, we examine:

> (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out a plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination.

*Leser*, 939 F.2d at 672 (citations omitted). The Debtors bear the burden of proving that the classification of the student loan debt does not discriminate unfairly. *Groves*, 39 F.3d 212, 214 (8th Cir. 1994).

The Debtors argue that we should not look to the Eighth Circuit's four-part analysis for unfair discrimination because § 1322(b)(1)'s fairness requirement is satisfied as a matter of law by the statutory authority granted under § 1322(b)(5). *See In re Jordahl*, 516 B.R. 573, 576 (Bankr. D. Minn. 2014) (bankruptcy court noting a split of authority regarding "whether the classification of an unsecured debt under §1322(b)(5) is subject to the unfair discrimination test found in § 1322(b)(1)," and the majority view that treatment under § 1332(b)(5) must satisfy the unfair discrimination analysis.) We disagree with the Debtors. This argument by the Debtors is an end run around § 1322(b)(1) and is, in substance, the same as the argument that we already rejected; that each subsection of § 1322(b) operates independently. As we stated above, the requirements of all applicable subsections of § 1322(b) must be satisfied.

We agree with the bankruptcy court's holding that the Debtors' plan was unfairly discriminatory under the four-part test. The bankruptcy court stated that the

Debtors failed to establish that the discrimination was reasonable, the Debtors and the Trustee had agreed before that court that the Debtors could not satisfy the second part of the test, the Debtors satisfied the good faith requirement, and the last part of the test was inapplicable.

The only reason for the discrimination that the Debtors set forth in this appeal is the one that we just rejected; that Congress's authorization for debtors to make the student loan payment under § 1322(b)(5) renders such treatment fair under §1322(b)(1). In addition, special classification is not justified by the non-dischargeability of the debt standing alone, which appears to be the real reason for the Debtors' separate treatment of the student loan debt. *See Copeland*, 742 F.3d at 814 (citing *Groves*, 39 F.3d at 216). The Debtors make no argument in this appeal to support the last three parts of the four-part test. Moreover, without a basis for the discrimination, we do not examine the last part of the test; the relationship between the degree of discrimination and the rationale for such treatment. *Copeland,* 742 F.3d at 815 ("Having rejected the [Debtors'] proffered rationale for the discrimination, we see no need to consider whether the degree of discrimination is reasonably related to the rationale.").

### (2)    11 U.S.C. § 1322(b)(10)

The facts of the Debtors' case also show that § 1322(b)(10) applies to and bars the Debtors' proposed treatment of their student loan debt. Section 1322(b)(10) provides that the payment of post-petition interest on a non-dischargeable unsecured claim is permitted only if the debtor's plan provides for full payment of all allowed claims. *See* 11 U.S.C. § 1322(b)(10). The Debtors admit that each maintenance payment that they seek make to their student loan lenders would include a component of post-petition interest. However, the Debtors did not provide for full payment of all allowed claims.

**CONCLUSION**

For the reasons stated, we affirm the decision of the bankruptcy court.

_____